**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

SOMPO AMERICA INSURANCE
COMPANY,

               Plaintiff,

v.

                                              Case No. 20-10734

FCA US LLC and FCA ITALY S.P.A.,

               Defendants.
_____/

**ORDER DENYING "PLAINTIFFS' MOTION FOR RELIEF FROM**
**OBLIGATION TO SPECIFY LOCAL COUNSEL"**

      Plaintiff seeks to avoid the necessity of specifying local counsel pursuant to this court's local rules. Eastern District of Michigan Local Rule 83.20(f) provides:

> Any member of the bar of this court who is not an active member of the State Bar of Michigan must not appear as attorney of record in any case without specifying on the record, as local counsel, a member of the bar of this court having an office within the district upon whom service of all papers may be made.  Such local counsel must enter an appearance in the case and must have both the authority and responsibility for the conduct of the case should out-of-town counsel not respond to any order of the court for appearance or otherwise.  On application, the court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel.

      Opposing counsel does not object. The court, however, will deny the motion because Plaintiff's motion has not set forth in its application the any unusual or extenuating circumstances which are typically present where the requirement is waived. As this court has explained in prior cases, the Local Rules explicitly require that attorneys "specify . . . local counsel" for several reasons:

> If the only, or principal, purpose for specifying local counsel were to permit the court to serve notices, rulings, and communications . . . there would be

> no sense in maintaining this requirement alongside the recent requirement that all attorneys be electronic filers and thus able to receive such notices, etc., virtually instantly. There are, however, other purposes. Personal accessibility is one. Familiarity with the Local Rules and the local legal culture is another. More important, however, is the ability of the court to govern the behavior of its attorneys, including the ability to meaningfully refer a misbehaving attorney to the grievance procedures of the State Bar.

*Keck v. Graham Hotel Sys., Inc.*, Case No. 07-11042, 2007 WL 1452909 (E.D. Mich. May 15, 2007). And this court has regularly denied such motions absent unique circumstances. *See Prudential Defense Solutions, Inc., v. Graham* et. al., No. 20-11785, 2021 WL 1641584, at *2 (E.D. Mich. Apr. 27, 2021); *Johnson v. Lombardo, Davis & Goldman, LLC.,* No. 10-14818, (E.D. Mich. Feb. 9, 2011); *Belle v. Sunbeam Prods., Inc.*, Case No. 09-13902, 2009 WL 3757059 (E.D. Mich. Nov. 9, 2009). Wishing to avoid the cost of establishing a relationship with local counsel is entirely prosaic, not unique or extenuating.

Plaintiff's counsel is not an "active member of the State Bar of Michigan." E.D. Mich. LR 83.20(f)(1). So, to comply with the Rule, Plaintiff must specify local counsel.

The court also notes, however, that this does not mean that local counsel is required to attend every hearing or conference in the present matter. The Rule would be satisfied if local counsel is available if and as necessary, for example, to serve in the event of lengthy unavailability of lead counsel. Accordingly,

IT IS ORDERED that Plaintiff's "Motion [for] Relief from Obligation to Specify Local Counsel" (ECF No. 38) is DENIED.

                                                    s/Robert H. Cleland
                                                    ROBERT H. CLELAND
                                                    UNITED STATES DISTRICT JUDGE

Dated: May 10, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 10, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner                                    /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\20-10734.SOMPO.lc.relief denied.AAB.RHC.docx