UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOMPO AMERICA INSURANCE
COMPANY,

    Plaintiff,

v.

FCA US LLC and FCA ITALY S.p.A.,

    Defendants,

Case No.: 3:20-cv-10734

Hon. Robert H. Cleland

## STIPULATED PROTECTIVE ORDER

The parties, by and through their undersigned counsel, and having met and conferred, hereby submit the following Stipulated Protective Order and state as follows:

A.    Each party possesses certain information and documents that contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be made publicly available.

B.    The parties therefore request that the Court enter a Protective Order to properly balance the discovery rights of the parties with their right to protect their private, confidential, proprietary, or trade secret information.

THEREFORE, IT IS ORDERED that the following provisions and conditions shall govern the parties:

1. This Protective Order shall control the disclosure and dissemination of documents and information. Any party to this case or any producing non-party, shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing that:

   a) contains trade secrets, competitively sensitive, research, development, proprietary, technical, marketing, financial, sales or other confidential business information;

   b) contains private or confidential personal information;

   c) contains information received in confidence from third parties; or

   d) any portion of a party's response or producing non-party's response that contains trade secret or other confidential, research, development or commercial information, or information otherwise considered confidential under applicable law by marking the material, in a manner that will not interfere with its legibility.

2. The material will be marked "This document is subject to a Protective Order" or by such other similar marking to identify that it is being produced pursuant to the provisions of this Order.

3. In any deposition, if the deponent's testimony is deemed confidential, a party will notify opposing counsel in writing of the page and line numbers of the testimony deemed confidential within 30 days of receiving the deposition transcript.

Any testimony read from or directly referencing confidential documents is automatically deemed to be confidential, including any confidential documents that are used as deposition exhibits.

4. Any confidential information that a party or producing non-party provides to another party may be disclosed only to that party and/or immediate employees of that party's trial counsel's law firm, and other individuals legitimately assisting in the preparation of this case for trial such as a party's co-counsel, consultants, and experts.

5. Any recipient of confidential information shall not disclose the confidential information to any other person to whom disclosure is not authorized by the terms of this Protective Order and shall not use such confidential information for purposes other than preparation of this action for trial. Any recipient of confidential information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of confidential information in order to ensure that its confidential nature is maintained.

6. Any recipient of confidential information, by accepting its receipt, agrees to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to the confidential information and/or this Protective Order, including, but not limited to, any proceeding relating to the enforcement of this Protective Order.

7. Any recipient of confidential information, prior to its receipt, shall be furnished with a copy of this Protective Order, and shall execute the acknowledgment letter attached as Exhibit A, certifying that the recipient will not disclose confidential information to any person to whom disclosure is not authorized by the terms of this Protective Order, that the recipient will not use any confidential information in any way whatsoever other than for purposes of this action, and that the recipient has read this Protective Order and agrees to be bound by its terms. The original of each acknowledgement letter shall be maintained by counsel for that party and furnished to counsel for the producing party upon the conclusion of this litigation.

8. There shall be no reproduction or copying of confidential information except for those people authorized to receive information pursuant to this Protective Order after execution of the acknowledgement letter.

9. Any confidential information required to be filed with the Court shall be marked "Confidential" and filed under seal under applicable court rules, with the Clerk of the Court and shall be available for inspection only by the Court and by persons authorized by this Protective Order to receive such confidential information. Such documents or information shall be filed only in sealed envelopes, on which shall be endorsed the caption of this action, an indication of the contents, and the following designation:

CONFIDENTIAL

This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing use of confidential discovery material. The envelope shall not be opened or the contents thereof displayed or revealed except by order of the Court. Violation hereof may be regarded as contempt of Court.

10. Information designated as "Confidential" may be referred to by a party in notices, motions, briefs, or any other pleadings, may be used in depositions, and may be marked as deposition exhibits in this action. No such information shall be used, however, for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and protected from dissemination and, where filing is necessary, separately filed under seal with the Court.

11. If, at the time of trial, a party intends to introduce into evidence any information designated as Confidential, that party shall give timely notice of such intention to the Court and counsel for the producing party may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information. Subject to the rules of the Court, timely notice with respect to confidential information intended to be used on cross-examination of a witness shall not be required until after direct examination of that witness is complete. The party claiming information is confidential shall have the burden of proving that confidentiality

12. After the conclusion of this action, this Protective Order shall continue to apply to all confidential information provided by a party or producing non-party and

the Court shall retain jurisdiction over all recipients of such confidential information for purposes of enforcing the provisions of this Protective Order.

13. Upon the termination of this lawsuit, by judgment, settlement or otherwise, counsel will retrieve all confidential information, including all photocopies, duplicates, abstracts or reproductions of such materials, from any experts or consultants to whom such confidential information has been provided. This Protective Order shall continue to apply to all confidential information produced by the parties. Counsel may retain the confidential information produced pursuant to this Protective Order as well as any copies, prints, summaries, and other reproductions or derivations of such confidential information, for use as permitted in Paragraphs 4 of this Protective Order.

14. The terms of this Protective Order do not preclude FCA US from providing confidential and/or protected information and documents to the National Highway Traffic Safety Administration ("NHTSA"), either voluntarily or in connection with FCA US's obligations under the National Traffic and Motor Vehicle Safety Act of 1966 ("Safety Act"), 49 U.S.C. § 30101, et seq.

15. In the event that a party disagrees with the producing party's designation of any item as Confidential and subject to this Protective Order, the party shall send a written notice to the producing party specifying the items in question. In the event that the parties cannot reach an agreement concerning the confidentiality of the item, the

party opposing continued confidentiality shall proceed to file a motion with this Court seeking a determination whether the items are properly subject to this Protective Order. Any such items shall continue to be treated as confidential and subject to this Protective Order until such time as this Court rules that the items are not entitled to confidential treatment.

16.   While the receiving party, while following the requirements in this Protective Order, may disclose to the individuals listed in Paragraph 4 the confidential information it has received, neither plaintiff(s) nor defendant(s) or their respective counsel, experts, or other persons retained by them to assist in the preparation of this action shall under any circumstances, sell, offer for sale, advertise, or publicize the contents of confidential information.

DATED:  November 3, 2021

SO ORDERED.

s/Robert H. Cleland

Hon. Robert H. Cleland

*Stipulated as to form and substance:*

| **de LUCA LEVINE LLC** | **DYKEMA GOSSETT PLLC** |
|---|---|
| By: <u>Kenneth T. Levine (w/ permission)</u><br>    Andrew G. Hunt, Esq.<br>    Kenneth T. Levine, Esq.<br>    Three Valley Square, Suite 220<br>    Blue Bell, PA  19422<br>    (215) 383-0081<br>    ahunt@delucalevine.com | By: <u>John D. Black</u><br>    Thomas B. Alleman<br>    Comerica Bank Tower<br>    1717 Main Street, Suite 4200<br>    Dallas, TX  75201<br>    (214) 698-7830<br>    talleman@dykema.com |
| **MAXWELL GOSS, PLLC**<br>Maxwell Goss (P78594)<br>370 E. Maple Rd., Third Floor<br>Birmingham, MI  48009<br>(248) 266-5879<br>max@maxwellgoss.com | John D. Black (P81027)<br>39577 Woodward Ave., Suite 300<br>Bloomfield Hills, MI  48304<br>(248) 203-0700<br>jblack@dykema.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

**Exhibit "A"**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SOMPO AMERICA INSURANCE
COMPANY,

    Plaintiff,

v.

FCA US LLC and FCA ITALY S.p.A.,

    Defendants,

Case No.: 3:20-cv-10734

Hon. Robert H. Cleland

**AGREEMENT CONCERNING INFORMATION COVERED BY STIPULATED PROTECTIVE ORDER**

I, _____, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered in the above-captioned action (the "Protective Order"). I understand the terms of the Protective Order and agree to comply with and to be bound by such terms, including as to the confidentiality of and return of certain documents. I hereby submit myself to the jurisdiction of the United States District Court for the Eastern District of Michigan for resolution of any matters pertaining to the Protective Order.

My address is _____

Dated: _____

Signed: _____