UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOMPO AMERICA
INSURANCE COMPANY,

        Plaintiff,

v.

FCA US LLC and FCA ITALY
S.P.A.,

        Defendants.
_____/

Case No. 3:20-cv-10734
District Judge Robert H. Cleland
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF No. 49) AND STRIKING REPLY BRIEF (ECF No. 53)

This matter came before the Court for consideration of Plaintiff's motion to compel discovery (ECF No. 49), Defendants' response in opposition (ECF No. 52), and Plaintiff's reply brief (ECF No. 53), which the Court hereby **STRIKES** as untimely under E.D. Mich. Local Rule 7.1(e)(1)(B).[1]  Judge Cleland referred the motion to me for a hearing and determination.  (ECF No. 50).  A hearing was held

---

[1] The stricken reply brief contained a proposed order as its first page.  Counsel is advised that this District prepares its own orders, unless attorneys are requested to submit a draft order.  In the future, no such orders should be supplied (unless stipulated, in which case it should be filed through the "Utilities" function via CM/ECF) and the first page of a briefing submission should be the cover page of the brief, with caption and title.

on April 5, 2022, at which counsel for both parties appeared and the Court entertained oral argument regarding the motion.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion to compel discovery (ECF No. 49) is **GRANTED IN PART** and **DENIED IN PART**.  As confirmed on the record by the parties, the issues raised in the instant motion are either moot or have been resolved, with the exception of the production of documents responsive to Requests for Production Nos. 26 and 27.  (*See* ECF No. 49-2, PageID.465.)  Despite Plaintiff filing the motion on the final day of discovery (*see* ECF No. 48), the Court will rule on these remaining issues.

The Court **OVERRULES** Defendants' objections that RFP No. 26 is overbroad, disproportional, and requests documents inadmissible under Federal Rule of Evidence (FRE) 407.  *See* 6 *Moore's Federal Practice* (2022), § 26.46 on discoverability of subsequent repairs and post-accident changes (and citations therein and case law as cited on the record).  The Court further finds that Defendants waived any argument regarding relevance for failure to object to RFP No. 26 on that basis in a timely manner.  Fed. R. Civ. P. 34(b)(2).  (Compare ECF No. 49-2, PageID.465 with ECF No. 52, PageID.474-475.)  Accordingly, the Court **ORDERS** that Defendants produce the information requested in RFP No. 26 by

**Thursday, May 5, 2022**. As to RFP No. 27, however, the Court **SUSTAINS** Defendants' objection that the request is overbroad (ECF No. 49-2, PageID.465) and, thus, **DENIES** Plaintiff's motion to compel the production of documents responsive to RFP No. 27.

Additionally, the Court declines to extend any case management deadlines, finding that Plaintiff failed to demonstrate excusable neglect under Fed. R. Civ. P. 6(b) for its failure to serve an expert witness report within the deadline to do so (*see* ECF No. 48), or to move for an extension of that deadline, either within the instant motion or otherwise. Moreover, Plaintiff's motion did not contend that an expert report could not be prepared without the information at issue in this motion; rather, it simply stated, parenthetically, that the lack of such information "*might* limit Plaintiff's expert's evaluation and analysis," without further explanation. (ECF No. 49, PageID.426 (emphasis added).)

Finally, the Court takes note of several problematic failures by Plaintiff to abide by its rules and guidelines in connection with this motion, including: (1) failure to comply with Local Rule 7.2(a)(2)(A), as a proper meet and confer conference, in which Plaintiff "explained the nature of the motion or request and its legal basis," would have obviated the need for bringing a motion on half of the issues; (2) failure to supply an expert disclosure or report within the deadline established in the latest scheduling order and then seeking an extension in the

course of oral argument (ECF No. 48); (3) filing a reply brief well beyond the deadline established by Local Rule 7.1(e)(1)(B); and, (4) failure to comply (by both parties) with the Undersigned's Practice Guidelines on discovery motions requiring an additional meet and confer conference and submission of a Joint Statement of Resolved and Unresolved Issues prior to the hearing.

The Court awards no costs, neither party having prevailed in full. Fed. R. Civ. P. 37(a)(5)(C).[2]

**IT IS SO ORDERED.**

Dated: April 6, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).