# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

SOMPO AMERICA INSURANCE
COMPANY,

    Plaintiff,

v.                                                  Case No. 20-10734

FCA US LLC and FCA ITALY S.P.A.,

    Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER

Before the court is Plaintiff's objection to the Magistrate Judge's order, granting in part, and denying in part, its motion to compel. (ECF No. 54.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons discussed below, the court will affirm the Magistrate Judge's order in full because Plaintiff has failed to demonstrate that it was clearly erroneous or contrary to law.

## I. BACKGROUND

Plaintiff Sompo American Insurance brings the present subrogation action after paying a claim to its insured for fire damage at a vehicle testing facility near Ann Arbor, Michigan. The fire occurred as the insured entity conducted dynamometer testing on a prototype 2018 Jeep Renegade SUV—manufactured by Defendants FCA US, LLC and FCA ITALY S.p.A.

On the day of the discovery deadline, February 25, 2022, Plaintiff filed a motion to compel seeking to correct various alleged deficiencies in Defendants' production of discovery. (ECF No. 49.) The court referred the motion to Magistrate Judge Anthony Patti. (ECF No. 50.) And following a hearing on April 5, 2022, the Magistrate Judge issued an order granting in part, and denying in part, Plaintiff's motion to compel. (ECF No. 54.) Based on the parties' presentations at the hearing, Magistrate Judge Patti concluded that the majority of issues raised in Plaintiff's motion "are either moot or have been resolved." (*Id.*, PageID.495.) He then ordered that Defendants produce responsive documents sought in Plaintiff's Request for Production ("RFP") No. 26, but he denied Plaintiff's motion to compel with regards to RFP No. 27—which sought "[a]ll documents reflecting any discontinuance in the manufacture or design of any components of the subject vehicle and the reasons" (*see* ECF No. 49-2, PageID.465)—as overbroad. Additionally, the Magistrate Judge's order "decline[d] to extend any case management deadlines finding that Plaintiff has failed to demonstrate excusable neglect under [Federal Rule of Civil Procedure] 6(b) for its failure to serve an expert witness report within the [March 3, 2022] deadline." (ECF No. 54, PageID.496.) The order rejected Plaintiff's stated reason for an extension by noting that "Plaintiff's motion did not contend that an expert report could not be prepared without the information at issue in this motion; rather, it simply stated, parenthetically, that the lack of such information '*might* limit Plaintiff's expert's evaluation and analysis,' without further explanation." (*Id.* (quoting ECF No. 49, PageID.426).)

Plaintiff subsequently filed the present objection to the Magistrate Judge's order. (ECF No. 55.) Plaintiff "objects specifically to Judge Patti's decision denying Plaintiff's

2

request for an extension of its deadline to disclose its expert's report" and argues "the court should decline to adopt the Report and Recommendation." [1] (*Id.*, PageID.503.) Plaintiff concedes that it first explicitly requested such an extension at the motion hearing after both the discovery deadline and the subsequent deadline for filing its expert reports had passed, but it contends that there was cause for an extension under the "excusable neglect" standard. (*Id.*, PageID.504-05.) Defendants have filed no response to Plaintiff's objection.

## II. STANDARD

Motions to compel discovery are considered *non-dispositive* motions. *See Glob. Fleet Sales, LLC v. Delunas*, No. 12-15471, 2016 WL 2342319, at *2 (E.D. Mich. May 4, 2016) (Michelson, J.). Likewise, the vast majority of courts to consider the issue have held that an order by a Magistrate Judge denying leave to file a late expert report concerns a *non-dipositive* issue. *See Cooper v. Shelby Cnty., Tenn.*, No. 07-2283-STA-CGC, 2010 WL 1780139, at *3 (W.D. Tenn. Apr. 29, 2010); *Benedict v. Zimmer, Inc.*, 232 F.R.D. 305, 313-14 (N.D. Iowa 2005) (collecting cases from the First, Second, Third, Eighth, and Tenth Circuits for the proposition that discovery motions such as a motion for leave to provide expert reports are non-dispositive) (citations omitted).

When a Magistrate Judge issues a decision on a non-dispositive motion, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a);

---

[1] As explained in the discussion section below, Plaintiff styling of this motion as an "Objection to the April 6, 2022 Report and Recommendation" is incorrect.

*see also* 28 U.S.C. § 636(b)(1)(A) (allowing a district court to "reconsider" non-dispositive orders of a Magistrate Judge that are "clearly erroneous or contrary to law").

"[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "Where there are two permissible views of the evidence. . . [the] choice between them cannot be clearly erroneous." *Id.* at 574.

"[A]n order is 'contrary to the law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). A district court reviews legal determinations of the Magistrate Judge *de novo*. *Id.*

### III. DISCUSSION

In the present motion, Plaintiff objects to the Magistrate Judge's decision "denying Plaintiff's request for an extension of the deadline to disclose its expert's report." (*See* ECF No. 55, PageID.503.) As the precedents cited above demonstrate, the Magistrate Judge's order here is reviewed under the "clearly erroneous or . . . contrary to law" standard because it concerned only non-dispositive issues. *See Cooper v. Shelby Cnty., Tenn.*, 2010 WL 1780139, at *3. Therefore Plaintiff's present motion constitutes merely an objection to the Magistrate Judge's binding order, although it is styled as "Objection to a *Report and Recommendation*." *See* Fed. R. Civ. P. 72(a). Applying this standard, the court finds that the Magistrate Judge operated well within the zone of discretion afforded by Federal Rule of Civil Procedure 72(a) when he made the

4

equitable determination that Plaintiff had not demonstrated good cause for such an extension under the excusable neglect standard.

Federal Rule of Civil Procedure 6(b)(1) provides that if a motion "to extend time" is "made after the time has expired," the moving party must show "excusable neglect" to obtain an extension. Plaintiff, as the moving party, bears the burden of establishing excusable neglect. *See Mizori v. United States*, 23 F.4th 702, 705 (6th Cir. 2022). As a general matter, determining excusable neglect depends on the balancing of five *Pioneer* factors: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the party requesting an extension, and (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

In its present objection, Plaintiff argues that the Magistrate Judge's order is deficient because it "did not purport to balance any of the five [*Pioneer*] factors" considered under the excusable neglect standard and instead improperly "discounted Plaintiff's reason for the delay, finding that it was not sufficient because the requested documents only '*might*' limit Plaintiff's expert's evaluation of the claim." (ECF No. 55, PageID.505-08.) Plaintiff then provides an analysis arguing that each of the five *Pioneer* factors either supports such an extension or does not weigh substantially against it. (*See id.*) The court disagrees.

To start, Plaintiff's complaint that the Magistrate Judge's order did not explicitly weigh all five *Pioneer* factors is of little consequence. Sixth Circuit precedent is clear

5

that a Magistrate Judge is not required to provide a thorough accounting of every *Pioneer* factor in making his decision under Rule 6(b)(1). *See United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) (noting that when weighing excusable neglect, "the excuse given for the late filing must have the greatest import"); *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 459-60 (6th Cir. 2014) (finding that a district court "did not [need to] comb through each and every [*Pioneer*] factor . . . because not all of the factors carry equal weight in each case") (citations omitted). And while Plaintiff now provides a detailed accounting of the five *Pioneer* factors in the present objection, there is no indication in the record that Plaintiff presented such a detailed analysis during the April 5, 2022 hearing when it first orally moved for an extension of the expert report deadline. (Plaintiff has not sought or attached a transcript of the hearing as part of the present objection, nor did its original written motion to compel contain an explicit request for an extension of time.)

     Plaintiff now argues that Defendants would not be prejudiced by an extension of the expert report deadline because "[t]he deadline for Defendants to issue their expert reports likewise passed on March 31, 2022 while the Motion to Compel was pending." (ECF No. 55, PageID.505.) But both Plaintiff's decision to wait until the *final day* of fact discovery to file its motion to compel *and* its decision to disregard the expert report deadlines has already prejudiced Defendants as they were provided no expert reports to rebut before their own deadline, and at this juncture, a further extension of such deadlines is likely to significantly delay resolution of the case and increase litigation costs. For instance, if the Magistrate Judge had granted the motion, Defendants' retained experts would now be required to produce a new analysis rebutting Plaintiff's

6

expert reports. And a lengthy extension of the now-passed expert discovery deadline, as well as the dispositive motion deadline, would also be required.[2] Consequently, it is clear that, at minimum, the first two *Pioneer* factors do not weigh strongly in favor of excusable neglect.

The Magistrate Judge based his ruling primarily on *Pioneer* factor three—the reason for the delay. The order concluded that Plaintiff had failed to provide a satisfactory reason for why "an expert report could not be prepared without the information at issue in the motion [to compel]" or explain why it did not preemptively "move for extension of the deadline" before the expert report deadline had passed. (*See* ECF No. 54, PageID.496.) Plaintiff responds in its present objection that responsibility for the delay primarily rests with Defendants. Because Defendants previously failed to produce the documents it requested in its motion to compel, Plaintiff argues that it was unreasonable to require it file expert reports before Plaintiff's experts could review such documents. (*See* ECF No. 55, PageID.507.) But, even in its present objection, Plaintiff provides *no* specific factual explanation as to why the absence of such documentary production prevented its experts from preparing an initial expert report subject to later supplementation. *See* Fed. R. Civ. P. 26(e)(2). The Magistrate Judge's order requires only that Defendants produce "engineering change orders, memos or documents reflecting any changes or modifications to similar vehicles . . . , due to information gained by you from investigating [the fire]." (ECF No. 49-1, PageID.446.) While it is possible that records of subsequent modifications to other Jeep SUVs might bolster an

---

[2]    The fact that Plaintiff waited a full fourteen days to file its objection, as various case management deadlines loomed, further increased the inevitability that prejudice would occur from any further extension.

expert conclusion, it seems a dubious assumption that such records were required for an expert to offer an opinion on the cause of the vehicle fire in the first place. Furthermore, Plaintiff also fails to convincingly address the Magistrate Judge's second finding—that Plaintiff could have alternatively moved for an extension before expiration of its expert report deadline if such documents were truly indispensable. Put simply, Plaintiff has failed to satisfy its burden of showing that the Magistrate Judge's conclusion regarding this factor was clearly erroneous.

The final two *Pioneer* factors are essentially a wash. Plaintiff implicitly concedes it could have at least moved for an extension, so it possessed at least some control over the delay. The court agrees that there is no evidence that Plaintiff acted in bad faith, but under the excusable neglect standard, an absence of bad faith is not dispositive. *See, e.g., United States v. Alqsous*, No. 1:16CR329, 2020 WL 409325, at *3 (N.D. Ohio Jan. 24, 2020) (denying leave to file late notice of appeal, when applying the excusable neglect standard, in a criminal action based on finding that "counsel's misinterpretation of the clear language of Fed. R. App. P. 4(b) outweighs the lack of prejudice to the government and the absence of bad faith").

## IV. CONCLUSION

In sum, considering the arguments presented by Plaintiff and the elastic nature of the excusable neglect standard, the court is not "left with the definite and firm conviction that a mistake has been committed" by the Magistrate Judge, so Plaintiff's objection must be overruled. *See Anderson*, 470 U.S. at 573. Accordingly,

IT IS ORDERED that Plaintiff's objection (ECF No. 55) to Magistrate Judge Anthony Patti's April 6, 2022 "Order Granting in part and Denying in part Plaintiff's Motion to Compel Discovery," (ECF No. 54) is OVERRULED.

                                                              s/Robert H. Cleland
                                                              ROBERT H. CLELAND
                                                              UNITED STATES DISTRICT JUDGE

Dated:  May 17, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 17, 2022, by electronic and/or ordinary mail.

                                                              s/Lisa G. Wagner
                                                              Case Manager and Deputy Clerk
                                                              (810)292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\20-10734.SOMPO.AppealMotionToCompel.AAB.docx